Fred D. Tohmpson
vs.                    }Eq.No.7799
Fannie E. Clarke et al.
DECISION
April 18, 1927

WALSH, J.  Heard on bill, answer and proof.

This is a bill for specific perform-

ance of an agreement entered into May 10, 1922, by the complainant, Fred D. Thompson, his sister, Eva M. Salisbury, and the respondent, Fannie E. Clarke, relative to the disposition of the personal property of Henry L. Thompson, who deceased May 3, 1922, and who was the brother of complainant and said Salisbury, and the affianced husband said Clarke. This bill also prays for the interpretation by this Court, as incident to the above, of certain clauses in a paper purporting to be the last will and testament of said Henry L. Thompson relative to bequests therein alleged to be contained to Henry F. Thompson and Waldo L. Thompson, nephews of deceased. One Walter M. Van Ausdall is also made a party respondent because of an agreement held by him pertaining to certain stock of Thompson & Thompson, Inc., which appears as personal property of said Henry L. Thompson, deceased.

It appears that the complainant and his brother Henry were engaged in the printing business in Providence under the name of Thompson & Thompson, Inc., at the time of the decease of Henry L. Thompson; that Henry L. Thompson owned 252 shares of the stock of this corporation at the time of his death, that Henry had employed the respondent Clarke in his household in some capacity for twenty years or more; that there had been some divorce litigation between Henry and his wife in which respondent Clarke was named as co-respondent; that Henry on April 30th, 1922, while the ambulance and hospital attendants were waiting to take him to be operated upon for hernia, called the complainant, Fred L. Thompson, to him, told him that he wanted to do something for the respondent Clarke, procured pen and paper and dictated to the complainant the instrument which was later admitted to probate as the last will and testament of Henry L. Thompson; this in-

strument was witnessed by the complainant, Fred D. Thompson, and Rev. M. Annas, pastor of the church which Henry L. Thompson attended, and contained no attestation clause. It reads as follows:

"I, Henry L. Thompson of my own free will and accord do by this instrument bequeath to Henry F. Thompson one share of stock in Biltmore Hotel one thousand dollars ($1000.00) to my nephew Waldo L. Thompson $500.00 (five hundred) and all the rest and residue of my personal property together with Liberty Bonds to Mrs. Fannie E. Clarke. My business interests I leave in the hands of my brother Fred D. Thompson.

Henry L. Thompson.

Witness,
    Fred D. Thompson
    John Wesley Annas."

Fred D. Thompson took this paper after it was signed and witnessed and kept it in his possession until it was probated. Some question as to the validity of this paper as a will arose and an agreement was signed by Fred D. Thompson, the complainant, his sister, Eva M. Salisbury, who were the only heirs of law of Henry L. Thompson, and the respondent, Fannie E. Clarke, on May 10, 1922, Complainant's Exhibit A. This agreement was for a division of the assets of the testator and it is to enforce the terms of this agreement by Fannie E. Clarke that the remedy of this Court is invoked.

The evidence preponderates in favor of complainant's contention that up to the time of the signing of this agreement, Fannie E. Clarke was quite as anxious to have a quiet and amicable settlement of the estate as the complainant or his sister. It appears that the terms of the agreement were fully known and acquiesced in by all the parties. From the time the agreement was signed, however, the complainant was not striving to

make the residue as large as possible for Mrs. Clarke. He failed to include in his list of assets a note of one Anthony for $118, a claim against Thompson & Thompson, Inc., for $800, and a note from J. C. Thompson of $75. He paid to his sister $229 out of the assets in direct violation of the sister's covenant to release and he charged $500 for his services as administrator when such a charge was not contemplated by the agreement. In addition to these charges, he asks us now to allow a large bill for legal services and expenses which were incurred in hindering and delaying a full, free and frank statement to the respondent Clarke of the assets and liabilities of the estate.

The respondent Clarke is not called upon to execute and deliver a release to complainant until complainant has rendered to her a true and accurate account of the estate according to the contract and has tendered to her the rest and residue shown thereby.

We find that the greater weight of the evidence shows that this has not been done by the complainant and that it could have been done by prompt resort to this Court. In making up his account for this purpose, we feel that all legal expenses and attorneys' fees incurred after July 11, 1923, should be disallowed by us. In the present suit, which we think could have been brought in June or July, 1923, with better effect, we will allow reasonable costs and a counsel fee to be paid out of the residue of the estate.

Issues 1, 2, 3, 4, 5, 7, 12, 13, 14, 16, 18 and 19 are decided in the affirmative; issues 6, 8, 9, 10, 11, 15, 17 and 20 are decided in the negative.

Petition for specific performance against Fannie E. Clarke is denied and dismissed.

As incident to our duty in the matter of the prayer of the bill against

the respondent Clarke, we are called upon to interpret the clauses in the will as to the bequests to Henry F. Thompson and Waldo L. Thompson, the nephews. They were not parties to the agreement of May 10, 1922. In the interpretation of wills, we are bound by the phraseology used by the testator. We cannot read in our own idea of the intention of the testator when the language used by him in its ordinary and usual sense is clear and unmistakable. He gives "one share" of Biltmore stock to his nephew, Henry F. Thompson. We cannot read in place of "share" the word "certificate" nor can we interject the word "and" between "Hôtel" and "one thousand dollars." We must hold that when the testator said "one share," he meant "one share." Henry F. Thompson is entitled to one share of Biltmore Hotel stock.

While the instrument probated as the last will of Henry L. Thompson is almost devoid of punctuation, it is reasonably clear from the context that "to my nephew Waldo L. Thompson $500.00 (five hundred)" means that he bequeaths $500 to his nephew, Waldo L. Thompson, and we so construe it.

Both Henry F. Thompson and Waldo L. Thompson are entitled to their reasonable costs and counsel fees in this proceeding.

As to the respondent Van Ausdall. He has an agreement as to the purchase or transfer of the stock of Thompson & Thompson, Inc., to him upon certain conditions. Under the agreement of May 10, 1922, Fred D. Thompson is entitled to the 252 shares of said stock which belonged to the testator. Fred D. Thompson is a party to the agreement with Van Ausdall and we have no question as to the right of Van Ausdall to require the transfer of the stock of the testator by Fred D. Thompson upon performance by Van Ausdall of the terms of his contract made with Fred

D. Thompson and Henry L. Thompson.

A decree based upon this opinion and a tabulation showing the result of the computation indicated may be submitted to this Court on or before April 30th, 1927.

For Complainant:    Ernest P. B. Atwood.

For Respondents:    Knauer & Fowler, Quinn, Kernan & Quinn.